MICHAEL ROSEN
Law Offices
61 Broadway, Suite 2602
New York, New York  10006
mrosenlaw@aol.com

CELL (516) 381-6690                                                                                          FAX (212) 248-4068
TEL   (212) 742-1717

January 31, 2012

Hon. John Gleeson
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                          Re:  United States v. Glenn Mazzella
                               11-CR-0026 (JG)

Dear Judge Gleeson:

I am in receipt of AUSA Stephen Frank's sentencing letter dated January 31, 2012 which I received at approximately 5:30 p.m. I submit this brief reaction to some of his statements and positions contained therein:

1- Mr. Frank is incorrect ( p. 6, fn.1) in stating that there "appear to be" other close relatives who could care for the defendant's children should he be separated from them. This is not so and is belied by the documents submitted in my Sentencing Memorandum. There is no one, other than their father, who can minister to the 24/7 needs and requirements of defendant's sons, whether it be on a day-to-day basis or interacting with the audio teachers, specialists, school personnel, technical professionals and any of the other persons who are integrally involved in Michael and Jonathan's health, welfare and well being.

2- While Mr. Frank states (a) that the government does not oppose a downward departure based upon the grounds set forth in my sentencing memorandum (Gov't letter, p.1), (b) that the government does not dispute that Mr. Mazzella is a devoted father who cares deeply about his children and is, following the death of his wife, the primary care caregiver of his sons who have  unique needs (Gov't letter, p.6), (c), that this case involved no acts of violence (Id.), and (d) that the government is bound by and stands by the plea agreement (Gov't letter, p.2), it nevertheless argues for a jail sentence, while

Page-2-
Re:   United States v. Glenn Mazzella
      11-CR-0026 (JG)

disregarding the sound concepts embodied in the advisory Guidelines, Section 3553(a) and in Court decisions that, in extraordinary cases, such as this, Judges should consider alternatives to incarceration, such as probation-which is a serious and substantial deprivation of liberty and freedom- and which permits imposition of an individualized sentence.

Mr. Frank, instead, chooses to submit excerpts from tapes which he argues demonstrates Mr. Mazzella's sinister conduct. Suffice it to say, I do not agree with his interpretation. The government negotiated and drafted the Plea Agreement and accepted an allocution involving economic harm. The plea agreement did not encompass enhancements for threats of bodily injury or role.

For all these reasons and those expressed in my original sentencing memorandum, I respectfully request Your Honor to impose a non-jail sentence on Glenn Mazzella.

Thank you.

                                        Respectfully,

                                        Michael Rosen
                                        Cell: (516-381-6690)

MR:wp

cc: AUSA Stephen Frank