UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

UNITED STATES OF AMERICA,

- against -

GLENN MAZZELLA,

*Defendant*.
-----------------------------------------------------------------x

NOT FOR PUBLICATION

ORDER

11-CR-26 (JG)

JOHN GLEESON, United States District Judge:

The defendant has moved for an order (1) permitting his special condition of home detention to be implemented through the use of a curfew, and (2) allowing his $40,000 fine to be paid in monthly installments.

I have consulted with Senior U.S. Probation Officer John Danielo, who is supervising the defendant, and based on his advice and after having reviewed the parties' submissions, I conclude that the implementation of the home detention condition through a curfew is appropriate. The home detention is not intended to prevent the defendant from caring for his adolescent boys, and rather than require Officer Danielo to monitor a large number of *ad hoc* requests for permission to leave the home, I hereby authorize him to impose a curfew upon Mazzella. During the time period so designated by Danielo, the defendant may not leave his residence or he will be in violation of his probation.

The defendant has told Officer Danielo that he cannot pay the fine. This assertion comes too late. The presentence report states that the defendant can pay a fine. There was no objection to that statement, nor was there any objection at sentencing after the fine was imposed. The Court was persuaded that the defendant's family circumstances warranted a term of probation despite the need for punishment that reflects the seriousness of the offense. As a

result, intermediate sanctions were selected as punishment, and the fine is one of them.  The defendant drives a luxury car, was able to retain counsel, owns a business with substantial accounts receivable, and has other assets as well.  He has proven his ability to earn money legally.  I do not doubt that paying the fine will cause him (and perhaps even his sons) discomfort, but that's what punishment does.  If the fine hasn't been paid in full within three months from today, Officer Danielo shall provide a report to the court regarding the defendant's financial circumstances and the defendant will be required to show cause on June 4, 2012, why he should not be remanded for violating the conditions of his probation.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       March 1, 2012